IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY SANCHEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER J. MEJIA #45, LIEUTENANT T. THEIS #303, OFFICER KING, OFFICER O'NEILL and the CITY OF NORTH CHICAGO,<br><br>　　　　　　Defendants. | No. 08 C 434<br><br>Judge Holderman<br><br>Magistrate Judge Mason |

## DEFENDANT CITY OF NORTH CHICAGO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendant, City of North Chicago ("City"), by its attorneys, Clifford G. Kosoff, Julie M. Koerner, Joshua S. Abern, and for its answer and affirmative defenses to plaintiff, Nancy Sanchez's Complaint at Law, states as follows:

### JURISDICTION

1.　The jurisdiction of the court is invoked pursuant to the Civil Rights Acts, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:**　Defendant admits that plaintiff's complaint purports to bring a civil rights claim pursuant to §1983 and admits that jurisdiction in the Northern District of Illinois over such constitutional and pendent state law claims is appropriate.

1

## PARTIES

2. Plaintiff is a resident of the State of Illinois.

**ANSWER:** Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore deny the same.

3. The Defendant Officers were at all times relevant hereto employed by and acting on behalf of the City of North Chicago.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3.

4. The City of North Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of North Chicago.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4.

## FACTS

5. On or about October 12, 2006, some or all of Defendant Officers were engaged in an unreasonable seizure of Plaintiff. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5.

6. On or about October 12, 2006, Plaintiff did not obstruct justice, resist arrest and/or batter or assault any of the Defendant Officers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 6.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the Defendant Officers caused an unreasonable seizure to the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7.

8. The Defendant Officers charged and/or participated in the charging of Plaintiff with criminal activity, and arrest, participated in the arrest and/or failed to prevent the arrest of the Plaintiff notwithstanding the fact that the Defendant Officers failed to observe and/or learn that Plaintiff had committed criminal activity of any sort. The Defendant Officers did not have probable cause to believe that criminal activity took place relative to the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8.

9. On October 12, 2006, Plaintiff had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiff was caused to suffer damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 10.

11. On or about October 12, 2006, the Defendant Officers were on duty at all times relevant to this complaint and were duly appointed police for the City of North Chicago. The Defendant Officers engaged in the conduct complaint of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of Defendant Officers.

**ANSWER:** Defendant admits that at all relevant times the defendant officers were acting in their capacity as duly appointed police officers for the City of North Chicago. In

further answering, defendant denies that the defendant officers violated plaintiff's constitutional rights and deny that the conduct alleged in the complaint occurred.

12. Upon information and belief, Officer J. Mejia #45, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant admits that Officer Mejia came into physical contact with plaintiff during the course of her arrest.

13. Upon information and belief, Lieutenant T. Theis #303, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 13.

14. Upon information and belief, Officer King, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 14.

15. Upon information and belief, Officer O'Neill, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 15.

## CONSPIRACY

16. Some or all the Defendant Officers conspired to cause damage to Plaintiff in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the Plaintiff;

    b. using excessive force and/or failing to intervene in the use of excessive force against the Plaintiff;

    c. agreeing not to report each other after witnessing and/or using excessive

        force relative to the Plaintiff;

    d.    agreeing not to report each other after falsely arrest and/or charging Plaintiff;

    e.    generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16, and specifically denies the allegations of misconduct alleged in subparagraphs a. through e.

17.    In connection with the above conspiracy, the Defendant Officers specifically engaged in communication on or about October 12, 2006, whereby the Defendant Officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the Defendant Officers by and through their conduct, proximately caused Plaintiff to, *inter alia,* suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

## COUNT I
### §1983 Excessive Force

Defendant makes no answer to the allegations in Count I of plaintiff's complaint as they are not directed against this answering defendant, but as to any allegation, which may be construed against this defendant, those allegations are expressly denied.

## COUNT II
### §1983 False Arrest

Defendant makes no answer to the allegations in Count II of plaintiff's complaint as they are not directed against this answering defendant, but as to any allegation, which may be construed against this defendant, those allegations are expressly denied.

## COUNT III
### §1983 Conspiracy Claim

Defendant makes no answer to the allegations in Count II of plaintiff's complaint as they are not directed against this answering defendant, but as to any allegation, which may be construed against this defendant, those allegations are expressly denied.

## COUNT IV
### Malicious Prosecution - State Claim

Defendant makes no answer to the allegations in Count IV of plaintiff's complaint as they are not directed against this answering defendant, but as to any allegation, which may be construed against this defendant, those allegations are expressly denied.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the City of North Chicago

32.     Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:**     Defendant adopts and incorporates by reference its answers to Paragraphs 1 through 17 above as its answer to Paragraph 32 of this Count V, as though fully set forth herein.

33.     Defendant City of North Chicago is the employer of the Defendant Officers alleged above.

**ANSWER:**     Defendant admits the allegations in Paragraph 33.

34.     The Defendant Officers, as alleged above, committed the acts under color of law and in the scope of employment of the City of North Chicago.

**ANSWER:**     Defendant admits that, at all relevant times in plaintiff's complaint, defendant officers were employed as peace officers with the City and were acting within the

6

scope of that employment, but deny the remaining allegations in Paragraph 34.

WHEREFORE, should the DEFENDANT OFFICERS, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF NORTH CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

**ANSWER:** Defendant denies that plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against the defendant, and prays that this court enter judgment in its favor as against plaintiff and for the costs of defending this action.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

35. Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference its answers to Paragraphs 1 through 17 above as its answer to Paragraph 35 of this Count VI, as though fully set forth herein.

36. The aforesaid acts of the Defendant Officers were in the scope of employment and, therefore, the Defendant, City of North Chicago, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:** Defendant admits that, at all relevant times in plaintiff's complaint, defendant officers were employed as peace officers with the City and were acting within the scope of that employment, but deny the remaining allegations in Paragraph 36.

WHEREFORE, should the DEFENDANT OFFICERS, be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF NORTH CHICAGO and such

other and further relief, as this Court deems equitable and just.

**ANSWER:** Defendant denies that plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against the defendant, and prays that this court enter judgment in its favor as against plaintiff and for the costs of defending this action.

## AFFIRMATIVE DEFENSES

Defendant, in addition to the denials and defenses set forth hereinabove this pleading, asserts the additional affirmative defenses to plaintiff's claims as follows:

### First Affirmative Defense (745 ILCS 10/2-201)

Plaintiff's state law claims are barred by 745 ILCS 10/2-201 of the Illinois Tort Immunity Act in that defendant officers were public employees serving in a position involving the determination of policy or the exercise of discretion at the time of the occurrence, thus, defendant officers are not liable for any injuries resulting from any act or omission in determining policy when acting in the exercise of that discretion, even though abused.

### Second Affirmative Defense (745 ILCS 10/2-202)

Plaintiff's state law claims are barred by 745 ILCS 10/2-202 of the Illinois Tort Immunity Act in that defendant officers were engaged in the execution or enforcement of the law and their actions did not constitute willful and wanton misconduct, therefore

### Third Affirmative Defense (745 ILCS 10/2-109)

Plaintiff's state law claims are barred as against the Village of Bellwood, in that the Village is a local public entity as defined by 745 ILCS 10/1-206 of the Illinois Tort Immunity Act, and as a public entity, it is not liable for an injury resulting from an act or omission of its employee where the employee is not liable, pursuant to 745 ILCS 10/2-109.

**Fourth Affirmative Defense (Tort Immunity)**

Plaintiff's state law claims are barred as the defendant is immune from liability pursuant to all other sections of the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS § 10/1-101 *et seq.*, not previously referenced above and applicable to the acts or omissions of the Defendants.

Respectfully Submitted,

**CITY OF NORTH CHICAGO**

BY:　s/Julie M. Koerner
　　　Julie M. Koerner, ARDC No. 6204852
　　　O'Halloran, Kosoff, Geitner & Cook, LLC
　　　650 Dundee Road, Suite 475
　　　Northbrook, IL  60062
　　　Telephone: (847) 291-0200
　　　Fax: (847) 291-9230
　　　E-mail:  jkoerner@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NANCY SANCHEZ,                                )<br>　　　　　　Plaintiff,　　　　　)<br>v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>OFFICER J. MEJIA #45, LIEUTENANT  )<br>T. THEIS #303, OFFICER KING,　　　)<br>OFFICER O'NEILL and the CITY OF　)<br>NORTH CHICAGO,　　　　　　　　　)<br>　　　　　　Defendants.　　　　　) | Case No. 08 C 434<br><br>Judge Holderman<br><br>Magistrate Judge Mason |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2008, I electronically filed *Defendant, City of North Chicago's Answer and Affirmative Defenses to Plaintiff's Complaint at Law* with the Clerk of Court of the United State District Court, Northern District, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following:

Blake W. Horwitz
Abbas B. Merchant
Law Offices of Blake Horwitz
155 N. Michigan Ave., Suite 723
Chicago, IL 60601
LOBH@att.net

CITY OF NORTH CHICAGO

By:　s/Julie M. Koerner _____
　　　Julie M. Koerner (#6204852)
　　　O'Halloran Kosoff Geitner & Cook, LLC
　　　650 Dundee Road, Suite 475
　　　Northbrook, IL 60062
　　　Telephone: (847) 291-0200
　　　Facsimile:  (847) 291-9230
　　　E-mail:  jkoerner@okgc.com