## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NANCY SANCHEZ,

                Plaintiff,

v.                                                                  No. 08 C 434

OFFICER J. MEJIA #45, LIEUTENANT          Judge Holderman
T. THEIS #303, OFFICER KING,
OFFICER O'NEILL and the CITY OF           Magistrate Judge Mason
NORTH CHICAGO,

                Defendants.

## DEFENDANTS THEIS, KING AND O'NEILL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendants, Richard Anthony Theis ("Theis"), Emir King ("King"), Michael O'Neill ("O'Neill), by their attorneys, Clifford G. Kosoff, Julie M. Koerner, Joshua S. Abern, and for their answer and affirmative defenses to Plaintiff, Nancy Sanchez's Complaint at Law, states as follows:

### JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Acts, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:**    Defendants admit that plaintiff's complaint purports to bring a civil rights claim pursuant to §1983 and admits that jurisdiction in the Northern District of Illinois over such constitutional and pendent state law claims is appropriate.

### PARTIES

2.      Plaintiff is a resident of the State of Illinois.

**ANSWER:**    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore deny the same.

3.    The Defendant Officers were at all times relevant hereto employed by and acting on behalf of the City of North Chicago.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 3.

4.    The City of North Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers as well as the other officers and/or employees referred to in this Complaint.  At all times material to this complaint, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of North Chicago.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 4.

**FACTS**

5.    On or about October 12, 2006, some or all of Defendant Officers were engaged in an unreasonable seizure of Plaintiff.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 5.

6.    On or about October 12, 2006, Plaintiff did not obstruct justice, resist arrest and/or batter or assault any of the Defendant Officers.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 6.

7.    The show of force initiated by and/or the failure to intervene in the use of said force by the Defendant Officers caused an unreasonable seizure to the Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 7.

8.    The Defendant Officers charged and/or participated in the charging of Plaintiff with criminal activity, and arrest, participated in the arrest and/or failed to prevent the arrest of the Plaintiff notwithstanding the fact that the Defendant Officers failed to observe and/or learn that Plaintiff had committed criminal activity of any sort.  The Defendant Officers did not have probable cause to believe that criminal activity took place relative to the Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 8.

9.    On October 12, 2006, Plaintiff had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 9.

10.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiff was caused to suffer damages.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 10.

11.    On or about October 12, 2006, the Defendant Officers were on duty at all times relevant to this complaint and were duly appointed police for the City of North Chicago.  The Defendant Officers engaged in the conduct complaint of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of Defendant Officers.

**ANSWER:**    Defendants admit that at all relevant times they were acting in their capacity as duly appointed police officers for the City of North Chicago.  In further answering, defendants deny that they violated plaintiff's constitutional rights and deny that the conduct alleged in the complaint occurred.

12.    Upon information and belief, Officer J. Mejia #45, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:**    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore deny the same.

13.    Upon information and belief, Lieutenant T. Theis #303, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:**    Defendant Theis denies the allegations of Paragraph 13.

14.    Upon information and belief, Officer King, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:**    Defendant King denies the allegations of Paragraph 14.

15.    Upon information and belief, Officer O'Neill, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:**    Defendant Theis denies the allegations of Paragraph 15.

## CONSPIRACY

16.    Some or all the Defendant Officers conspired to cause damage to Plaintiff in the following manner:

a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the Plaintiff;

b.    using excessive force and/or failing to intervene in the use of excessive force against the Plaintiff;

c.    agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiff;

d.    agreeing not to report each other after falsely arrest and/or charging

Plaintiff;

e.    generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 16, and specifically deny the allegations of misconduct alleged in subparagraphs a. through e.

17.    In connection with the above conspiracy, the Defendant Officers specifically engaged in communication on or about October 12, 2006, whereby the Defendant Officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the Defendant Officers by and through their conduct, proximately caused Plaintiff to, *inter alia,* suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 17.

## COUNT I
### §1983 Excessive Force

18.    Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:**    Defendants adopt and incorporate by reference their answers to Paragraphs 1 through 17 above as their answer to Paragraph 18 of this Count I, as though fully set forth herein.

19.    The actions, and/or the failure to intervene in the actions, of the Defendant Officers amounted to an excessive use of force onto Plaintiff.  This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 19.

20.    The aforementioned actions of the Defendant Officers were the direct and

proximate cause of the constitutional violations set forth above.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 20.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against any of the Defendants, and prays that this court enter judgment in their favor as against Plaintiff and for the costs of defending this action.

## COUNT II
## §1983 False Arrest

21.    Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:**    Defendants adopt and incorporate by reference their answers to Paragraphs 1 through 17 above as their answer to Paragraph 21 of this Count II, as though fully set forth herein.

22.    The actions of the Defendant Officers caused the arrest of the Plaintiff without probable cause to believe that Plaintiff committed criminal activity. Therefore, the conduct of the Defendant Officers was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 22.

23.    The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 23.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against any of the Defendants, and prays that this court enter judgment in their favor as against Plaintiff and for the costs of defending this action.

## COUNT III
### §1983 Conspiracy Claim

24.    Plaintiff re-alleges paragraphs 1 - 1 7 as though fully set forth herein.

**ANSWER:**    Defendants adopt and incorporate by reference their answers to Paragraphs 1 through 17 above as their answer to Paragraph 24 of this Count III, as though fully set forth herein.

25.    The aforementioned actions of the Defendant Officers were the direct and proximate *Cause* of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 25.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:**    Defendants deny that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against any of the Defendants, and prays that this court enter

judgment in their favor as against Plaintiff and for the costs of defending this action.

<u>**COUNT IV**</u>
<u>**Malicious Prosecution - State Claim**</u>

26.    Plaintiff re-alleges paragraphs 1 - 1 7 as though fully set forth herein.

**ANSWER:**    Defendants adopt and incorporate by reference their answers to Paragraphs 1 through 17 above as their answer to Paragraph 26 of this Count IV, as though fully set forth herein.

27.    Defendant Officers alleged that Plaintiff violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against Plaintiff.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 27 and further deny that they commenced or continued any criminal proceedings against Plaintiff.

28.    Defendant Officers engaged in this effort without probable cause.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 28 and further deny that they commenced or continued any criminal proceedings against Plaintiff.

29.    The underlying criminal charges were ultimately resolved in favor of Plaintiff.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 29.

30.    The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 30.

31.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 31.

WHEREFORE, PLAINTIFF demands compensatory damages from DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the
DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court
deems equitable and just.

　　　　**ANSWER:**    Defendants deny that Plaintiff is entitled to any damages, compensatory or
punitive, or to a judgment in his favor as against any of the Defendants, and prays that this court
enter judgment in their favor as against Plaintiff and for the costs of defending this action.

**COUNT V**
**745 ILCS 10/9-102 Claim Against the City of North Chicago**

　　　　Defendants make no answer to the allegations in Count V of plaintiff's complaint as they
are not directed against these answering defendants, but as to any allegation, which may be
construed against these defendants, those allegations are expressly denied.

**COUNT VI**
**Supplementary Claim for *Respondeat Superior***

　　　　Defendants make no answer to the allegations in Count VI of plaintiff's complaint as they
are not directed against these answering defendants, but as to any allegation, which may be
construed against these defendants, those allegations are expressly denied.

## AFFIRMATIVE DEFENSES

Defendants, in addition to the denials and defenses set forth hereinabove this pleading, assert the additional affirmative defenses to plaintiff's claims as follows:

### First Affirmative Defense (Qualified Immunity)

1.      That on October 12, 2006, defendants were employed as peace officers with the City of North Chicago, Illinois and were acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.      That on October 12, 2006, defendants responded to Officer Mejia's call for assistance in making an arrest at 20th and Sherman, North Chicago, Illinois.

3.      Defendants arrived on scene and observed Officer Mejia physically struggling with Felix Rodriguez and came to Mejia's aid.

4.      In order to effect the arrest of Felix Rodriguez, all three defendant officers were forced to physically struggle with Mr. Rodriguez, who continued to resist and evade attempts at being arrested and handcuffed.

5.      As a result of defendants' interactions with Felix Rodriguez, defendants did not personally observe any interaction(s) between plaintiff and Officer Mejia and were not in a position to intervene in any alleged misconduct or alleged use of force.

6.      As a result, defendants are entitled to the defense of qualified immunity in that any failure to act or intervene did not violate any clearly established constitutional right at the time of plaintiff's arrest.

Wherefore, defendants, Theis, King, and O'Neill, pray for a judgment in their favor as against plaintiff and for the costs associated with the defense of this action.

## <u>Second Affirmative Defense (Lack of Personal Involvement)</u>

1.      That on October 12, 2006, defendants were employed as peace officers with the City of North Chicago, Illinois and were acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.      That on October 12, 2006, defendants responded to Officer Mejia's call for assistance in making an arrest at 20th and Sherman, North Chicago, Illinois.

3.      Defendants arrived on scene and observed Officer Mejia physically struggling with Felix Rodriguez and came to Mejia's aid.

4.      In order to effect the arrest of Felix Rodriguez, all three defendant officers were forced to physically struggle with Mr. Rodriguez, who continued to resist and evade attempts at being arrested and handcuffed.

5.      As a result of defendants' interactions with Felix Rodriguez, defendants did not directly participate nor were they personally involved in the act of arresting and handcuffing the plaintiff, Nancy Sanchez.

6.      As defendants Theis, King, and O'Neill were not personally involved in the act of arresting and handcuffing plaintiff, they cannot be liable to her for any damages.

Wherefore, defendants, Theis, King, and O'Neill, pray for a judgment in their favor as against plaintiff and for the costs associated with the defense of this action.

## <u>Third Affirmative Defense (Intra-Corporate Conspiracy)</u>

1.      That on October 12, 2006, defendants were employed as peace officers with the City of North Chicago, Illinois and were acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.     That on October 12, 2006, defendants responded to Officer Mejia's call for the sole purpose of assisting a fellow officer with making an arrest.

3.     Defendants arrived on scene and assisted Officer Mejia in the arrest of Felix Rodriguez.

4.     In order to effect the arrest of Felix Rodriguez, all three defendant officers were forced to physically struggle with Mr. Rodriguez, who continued to resist and evade attempts at being arrested and handcuffed.

5.      To the extent that plaintiff's complaint raises a §1983 conspiracy claim, defendant officers contend that any purported conspiracy claim is barred by the doctrine of intra-corporate conspiracy.

Wherefore, defendants, Theis, King, and O'Neill, pray for a judgment in their favor as against plaintiff and for the costs associated with the defense of this action.

## Fourth Affirmative Defense (745 ILCS 10/2-201)

1.     That on October 12, 2006, defendants were employed as peace officers with the City of North Chicago, Illinois and were acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.     As such, defendants are public employees as defined by 745 ILCS 10/1-207.

3.     Plaintiff's state law claims are barred by the Illinois Tort Immunity Act, 745 ILCS 10/2-201, in that defendants were public employees serving in a position involving the determination of policy or the exercise of discretion at the time of the occurrence, thus, defendants are not liable for any injuries resulting from any act or omission in determining policy when acting in the exercise of that discretion, even though abused.

Wherefore, defendants, Theis, King, and O'Neill, pray for a judgment in their favor as against plaintiff and for the costs associated with the defense of this action.

### Fifth Affirmative Defense (745 ILCS 10/2-202)

1.      That on October 12, 2006, defendants were employed as peace officers with the City of North Chicago, Illinois and were acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.      As such, defendants are public employees as defined by 745 ILCS 10/1-207.

3.      Plaintiff's state law claims are barred by the Illinois Tort Immunity Act, 745 ILCS 10/2-202, in that defendants were engaged in the execution or enforcement of the law and their actions did not constitute willful and wanton misconduct.

Wherefore, defendants, Theis, King, and O'Neill, pray for a judgment in their favor as against plaintiff and for the costs associated with the defense of this action.


**RICHARD A. THEIS, EMIR KING,
MICHAEL O'NEILL**

BY:    s/Julie M. Koerner
       Julie M. Koerner, ARDC No. 6204852
       O'Halloran, Kosoff, Geitner & Cook, LLC
       650 Dundee Road, Suite 475
       Northbrook, IL  60062
       Telephone: (847) 291-0200
       Fax: (847) 291-9230
       E-mail:  jkoerner@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NANCY SANCHEZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 08 C 434 |
| OFFICER J. MEJIA #45, LIEUTENANT | ) | |
| T. THEIS #303, OFFICER KING, | ) | Judge Holderman |
| OFFICER O'NEILL and the CITY OF | ) | |
| NORTH CHICAGO, | ) | Magistrate Judge Mason |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2008, I electronically filed *Defendants, Theis, King, and O'Neill's Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of Court of the United State District Court, Northern District, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following:

Blake W. Horwitz
Abbas B. Merchant
Law Offices of Blake Horwitz
155 N. Michigan Ave., Suite 723
Chicago, IL 60601
LOBH@att.net

**RICHARD ANTHONY THEIS, EMIR KING, MICHAEL O'NEILL**

By:    s/Julie M. Koerner _____
Julie M. Koerner (#6204852)
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
E-mail: jkoerner@okgc.com