IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY SANCHEZ,

          Plaintiff,

v.

OFFICER J. MEJIA #45, LIEUTENANT T. THEIS #303, OFFICER KING, OFFICER O'NEILL and the CITY OF NORTH CHICAGO,

          Defendants.

No. 08 C 434

Judge Holderman

Magistrate Judge Mason

## DEFENDANT MEJIA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendant, Jorge Mejia ("Mejia"), by his attorneys, Clifford G. Kosoff, Julie M. Koerner, Joshua S. Abern, and for his answer and affirmative defenses to plaintiff, Nancy Sanchez's, complaint, state as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Acts, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit that plaintiff's complaint purports to bring a civil rights claim pursuant to §1983 and admits that jurisdiction in the Northern District of Illinois over such constitutional and pendent state law claims is appropriate.

### PARTIES

2. Plaintiff is a resident of the State of Illinois.

**ANSWER:** Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3. The Defendant Officers were at all times relevant hereto employed by and acting on behalf of the City of North Chicago.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3.

4. The City of North Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of North Chicago.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4.

## FACTS

5. On or about October 12, 2006, some or all of Defendant Officers were engaged in an unreasonable seizure of Plaintiff. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5.

6. On or about October 12, 2006, Plaintiff did not obstruct justice, resist arrest and/or batter or assault any of the Defendant Officers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 6.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the Defendant Officers caused an unreasonable seizure to the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7.

8. The Defendant Officers charged and/or participated in the charging of Plaintiff with criminal activity, and arrest, participated in the arrest and/or failed to prevent the arrest of the Plaintiff notwithstanding the fact that the Defendant Officers failed to observe and/or learn that Plaintiff had committed criminal activity of any sort. The Defendant Officers did not have probable cause to believe that criminal activity took place relative to the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8.

9. On October 12, 2006, Plaintiff had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiff was caused to suffer damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 10.

11. On or about October 12, 2006, the Defendant Officers were on duty at all times relevant to this complaint and were duly appointed police for the City of North Chicago. The Defendant Officers engaged in the conduct complaint of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of Defendant Officers.

**ANSWER:** Defendant admits that at all relevant times he was acting in his capacity as a duly appointed police officer for the City of North Chicago. In further answering, defendant denies that he violated plaintiff's constitutional rights and denies that the conduct alleged in the complaint occurred.

12. Upon information and belief, Officer J. Mejia #45, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12.

13. Upon information and belief, Lieutenant T. Theis #303, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 13.

14. Upon information and belief, Officer King, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 14.

15. Upon information and belief, Officer O'Neill, on October 12, 2006, came into physical contact with Plaintiff.

**ANSWER:** Defendant denies the allegations of Paragraph 15.

## CONSPIRACY

16. Some or all the Defendant Officers conspired to cause damage to Plaintiff in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the Plaintiff;

    b. using excessive force and/or failing to intervene in the use of excessive force against the Plaintiff;

    c. agreeing not to report each other after witnessing and/or using excessive force relative to the Plaintiff;

    d. agreeing not to report each other after falsely arrest and/or charging Plaintiff;

    e. generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16, and specifically denies the allegations of misconduct alleged in subparagraphs a. through e.

17. In connection with the above conspiracy, the Defendant Officers specifically engaged in communication on or about October 12, 2006, whereby the Defendant Officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the Defendant Officers by and through their conduct, proximately caused Plaintiff to, *inter alia,* suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

## COUNT I
### §1983 Excessive Force

18. Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference his answers to Paragraphs 1 through 17 above as his answer to Paragraph 18 of this Count I, as though fully set forth herein.

19. The actions, and/or the failure to intervene in the actions, of the Defendant Officers amounted to an excessive use of force onto Plaintiff. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 and denies that the use of force in effecting plaintiff's lawful arrest was excessive.

20. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 and denies that he violated any of plaintiff's constitutional rights.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against him, and prays that this Court enter judgment in his favor as against Plaintiff and for the costs of defending this action.

## COUNT II
### §1983 False Arrest

21. Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference his answers to Paragraphs 1 through 17 above as his answer to Paragraph 21 of this Count II, as though fully set forth herein.

22. The actions of the Defendant Officers caused the arrest of the Plaintiff without probable cause to believe that Plaintiff committed criminal activity. Therefore, the conduct of the Defendant Officers was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22.

23. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against him, and prays that this Court enter judgment in his favor as against Plaintiff and for the costs of defending this action.

## COUNT III
### §1983 Conspiracy Claim

24. Plaintiff re-alleges paragraphs 1-17 as though fully set forth herein.

**ANSWER:** Defendant adopts and incorporates by reference his answers to Paragraphs 1 through 17 above as his answer to Paragraph 24 of this Count III, as though fully set forth herein.

25. The aforementioned actions of the Defendant Officers were the direct and proximate *Cause* of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against him, and prays that this

Court enter judgment in his favor as against Plaintiff and for the costs of defending this action.

## COUNT IV
### Malicious Prosecution - State Claim

26.     Plaintiff re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:**     Defendant adopts and incorporates by reference his answers to Paragraphs 1 through 17 above as his answer to Paragraph 26 of this Count IV, as though fully set forth herein.

27.     Defendant Officers alleged that Plaintiff violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against Plaintiff.

**ANSWER:**     Defendant admits that he signed a non-traffic complaint charging plaintiff with the offense of obstructing and/or resisting a police officer, but denies the remaining allegations contained in Paragraph 27.

28.      Defendant Officers engaged in this effort without probable cause.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 28 and in further answering states that he had probable cause for plaintiff's arrest.

29.     The underlying criminal charges were ultimately resolved in favor of Plaintiff.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 29.

30.     The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 30.

31.     The aforementioned actions were the direct and proximate cause of the

violations of Illinois State Law, as set forth above.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages, compensatory or punitive, or to a judgment in his favor as against him, and prays that this Court enter judgment in his favor as against Plaintiff and for the costs of defending this action.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the City of North Chicago

Defendant makes no answer to the allegations in Count V of plaintiff's complaint as they are not directed against him, but as to any allegation, which may be construed against him, those allegations are expressly denied.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

Defendant makes no answer to the allegations in Count V of plaintiff's complaint as they are not directed against him, but as to any allegation, which may be construed against him, those allegations are expressly denied.

**AFFIRMATIVE DEFENSES**

Defendant, in addition to the denials and defenses set forth hereinabove this pleading, asserts the additional affirmative defenses to plaintiff's claims as follows:

**First Affirmative Defense (Qualified Immunity)**

1. That on October 12, 2006, defendant was employed as a peace officer with the City of North Chicago, Illinois and was acting within the scope of that employment for all relevant times in plaintiff's complaint.

2. That on October 12, 2006, defendant observed a dark blue Honda Accord at the drive-up of McDonald's at 2211 Greenbay Road, whose driver was squealing its tires and departing McDonald's at a high rate of speed and traveling north in the 2100 Block of Prospect.

3. Defendant activated his emergency lights and siren and followed the car.

4. Defendant observed the driver, later determined to be Felix Rodriguez, fail to observe traffic stop signs and fail to stop in response to Officer Mejia's directions.

5. Rodriguez eventually stopped his vehicle at 20th and Sherman Streets, North Chicago, Illinois.

6. Officer Mejia, while attempting to arrest Rodriguez, observed plaintiff holding onto and pulling Rodriguez's neck and right arm to prevent Officer Mejia and Lt. Theis from arresting Rodriguez, thereby interfering and obstructing their lawful efforts to arrest Rodriguez.

7. After officers got Rodriguez out of the car, plaintiff got out of the car, refused to follow verbal directions to return to the car, and stood in such close proximity to the arresting officers as to pose a threat to their safety.

8.  Mejia then advised plaintiff that she was under arrest, at which time plaintiff refused to comply and physically resisted Mejia's efforts to place her in handcuffs.

9.  Mejia used only necessary force to effect plaintiff's arrest given her refusal to comply with his instructions and her physical efforts to avoid being handcuffed.

10. Mejia contends that he is entitled to the defense of qualified immunity in that the force used to effect plaintiff's arrest was reasonable and necessary, thus, defendant did not violate any of plaintiff's clearly established constitutional rights.

Wherefore, defendant, Mejia, prays for a judgment in his favor as against plaintiff and for the costs associated with the defense of this action.

## Second Affirmative Defense (Probable Cause)

1.  That on October 12, 2006, defendant was employed as a peace officer with the City of North Chicago, Illinois and was acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.  Officer Mejia, while attempting to arrest Rodriguez, observed plaintiff holding onto and pulling Rodriguez's neck and right arm to prevent Officer Mejia and Lt. Theis from arresting Rodriguez, thereby interfering and obstructing their lawful efforts to arrest Rodriguez.

3.  After officers got Rodriguez out of the car, plaintiff got out of the car, refused to follow verbal directions to return to the car, and stood in such close proximity to the arresting officers as to pose a threat to their safety.

4.      Mejia then advised plaintiff that she was under arrest, at which time plaintiff refused to comply and physically resisted Mejia's efforts to place her in handcuffs.

5.      As a result of Mejia's personal observations of the conduct of the plaintiff, Mejia had probable cause to arrest plaintiff for resisting and/or obstructing a peace officer for interfering with the officers' arrest of Felix Rodriguez and for physically resisting plaintiff's own lawful arrest.

Wherefore, defendant, Mejia, prays for a judgment in his favor as against plaintiff and for the costs associated with the defense of this action.

### Third Affirmative Defense (Intra-Corporate Conspiracy)

1.      That on October 12, 2006, all defendant officers were employed as peace officers with the City of North Chicago, Illinois and were acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.       To the extent that plaintiff's complaint raises a §1983 conspiracy claim, defendant officers contend that any purported conspiracy claim is barred by the doctrine of intra-corporate conspiracy.

Wherefore, defendant, Mejia, prays for a judgment in his favor as against plaintiff and for the costs associated with the defense of this action.

### Fourth Affirmative Defense (745 ILCS 10/2-201)

1.      That on October 12, 2006, defendant was employed as a peace officer with the City of North Chicago, Illinois and was acting within the scope of that employment for all relevant times in plaintiff's complaint.

2.      As such, defendant is a public employee as defined by 745 ILCS 10/1-207.

3. Plaintiff's state law claims are barred by the Illinois Tort Immunity Act, 745 ILCS 10/2-201, in that defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion at the time of the occurrence, thus, defendant is not liable for any injuries resulting from any act or omission in determining policy when acting in the exercise of that discretion, even though abused.

Wherefore, defendant, Mejia, prays for a judgment in his favor as against plaintiff and for the costs associated with the defense of this action.

### Fifth Affirmative Defense (745 ILCS 10/2-202)

1. That on October 12, 2006, defendant was employed as a peace officer with the City of North Chicago, Illinois and was acting within the scope of that employment for all relevant times in plaintiff's complaint.

2. As such, defendant is a public employee as defined by 745 ILCS 10/1-207.

3. Plaintiff's state law claims are barred by the Illinois Tort Immunity Act, 745 ILCS 10/2-202, in that defendant was engaged in the execution or enforcement of the law and his actions did not constitute willful and wanton misconduct.

Wherefore, defendant, Mejia, prays for a judgment in his favor as against plaintiff and for the costs associated with the defense of this action.

Respectfully Submitted,

**JORGE MEJIA**

BY:   s/Julie M. Koerner

Julie M. Koerner, ARDC No. 6204852
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
E-mail: **jkoerner@okgc.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY SANCHEZ, | ) | |
|       Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 08 C 434 |
| OFFICER J. MEJIA #45, LIEUTENANT | ) | |
| T. THEIS #303, OFFICER KING, | ) | Judge Holderman |
| OFFICER O'NEILL and the CITY OF | ) | |
| NORTH CHICAGO, | ) | Magistrate Judge Mason |
|       Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2008, I electronically filed **Defendant Mejia's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Blake Horwitz
Abbas Merchant
Law Offices of Blake W. Horwitz
155 N. Michigan Ave., Suite 714
Chicago, IL 60601
horwitzlaw@att.net


**JORGE MEJIA**

By:  s/Julie M. Koerner _____
Julie M. Koerner (#6204852)
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200
Facsimile:  (847) 291-9230
E-mail:  jkoerner@okgc.com